FILED
2009 Sep-30 PM 08:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| YOLANDA J. FAULK,   } | |
| } | |
| Plaintiff,   } | |
| } | |
| vs.   } | CASE NO. 3:08-cv-0591-SLB |
| } | |
| VOLUNTEERS OF AMERICA,   } | |
| NORTH ALABAMA, INC.,   } | |
| } | |
| Defendant.   } | |

## MEMORANDUM OPINION

This case is before the court on the response of plaintiff's counsel, Michael L. Weathers, (doc. 80),[1] to the court's Show Cause Order, (doc. 60). On March 6, 2009, the court ordered plaintiff's counsel to show cause why he should not be sanctioned for apparently making two false statements in two Motions to Compel. For the reasons set forth below, the court finds that sanctions against Weathers are appropriate.

## I. LEGAL STANDARD

"Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11." Fed. R. Civ.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

P. 11(d), Comments to 1993 Amendments. Rule 37 governs Motions to Compel, and subpart (a)(5)(B) to that Rule provides:

> If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and ***must***, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was ***substantially justified*** or ***other circumstances make an award of expenses unjust***.

Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). Rule 37 does not require a finding of bad faith and sanctions are mandatory unless the court finds substantial justification or other circumstances that make an award of expenses unjust. *See Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)(citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## II. DISCUSSION

Plaintiff initiated this employment discrimination action on April 7, 2008, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"),[2] and negligent and/or wanton training, supervision, and retention in violation of

---

[2] Plaintiff also asserted a claim under the Alabama Age Discrimination Act, Ala. Code § 25-1-20 *et seq.*, which by its terms is coextensive with the ADEA, 29 U.S.C. § 623.

Alabama law. (*See* docs. 1 & 11.) Plaintiff filed two Motions to Compel, one of which this court denied in part and granted in part and the other this court denied. Defendant sought sanctions based on counsel's allegedly false statements made in the Motions.

**A.    MOTION TO COMPEL AND MOTION FOR SANCTIONS (Doc. 14).**

Plaintiff filed her first Motion to Compel and Motion for Sanctions on October 22, 2008. (Doc. 14.) This Motion sought disclosure of insurance information and discovery of all documents relating to any investigations that defense counsel had conducted for defendant Volunteers of America, North Alabama, Inc. (*Id*.) Defendant objected to the discovery request on the grounds that such information was protected under either the attorney-client privilege or work-product doctrine. (Doc. 17.) In response, plaintiff stated:

> The evidence in [plaintiff's] case . . . shows that even before [plaintiff] had an attorney and before [plaintiff] was contemplating filing a lawsuit, [plaintiff] went to Huntsville, Alabama offices of the Law Firm of Balch & Bingham, L.L.P.,[3] 655 Gallatin Street, Huntsville, Alabama, and met with [defense counsel David Block] for the purpose of Block's investigating, on behalf of [defendant], [plaintiff's] reports and complaints against [defendant].

(Doc. 21 ¶ 16 [footnote added].) Defendant presented evidence that its counsel did not meet with plaintiff for purposes of investigating her claims.

Plaintiff's counsel sought to depose defendant's counsel regarding this "investigation." (*Id*. ¶ 17.) He represented to the court:

---

[3]The court notes that Block and co-defense counsel Christopher S. Kuffner are now employed by the law firm of Maynard Cooper & Gale P.C.

> 17. [Defendant's counsel] involvement in [defendant's] failure to timely report Faulk's . . . claims to [defendant's] employment practices carrier is yet to be determined and cannot be determined until Faulk . . . [has] an opportunity to depose the person designated by [defendant] in response to Faulk's . . . Rule 30(b)(6) motion and until Faulk . . . [has] an opportunity to depose [defendant's counsel].
>
> 18. Whether or not Faulk . . . will need to file a motion with this Court to disqualify [defendant's counsel] cannot be determined until Faulk . . . [has] an opportunity to depose [defendant's counsel], and the Rule 30(b)(6) person designated by [defendant]. [Defendant's] responses to Faulk's . . . requests for copies of [defendant's] employment practices [and] insurance policies are being authored by [defendant's counsel]. [Defendant] has adopted [its counsel's] tactics of stonewalling, obstruction and delay in refusing to abide by Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and in refusing to designate a Rule 30(b)(6) witness.

(*Id*. ¶¶ 17-18.)

Defendant's counsel responded to plaintiff's response by letter the same day, in which they disputed the allegation that they had met with plaintiff for the purposes alleged, and they requested that plaintiff's counsel retract this allegation. (Doc. 27, Ex. A.) On November 12, 2008, defendant's counsel sent a second letter to plaintiff's counsel with an excerpt from plaintiff's own deposition, which supported defendant's counsel position that they had not met with plaintiff. (*Id*., Ex. B.)

Plaintiff testified that she went to defendant's counsel's office in order to mediate her EEOC charge. (Doc. 45, Ex. A at 8, 10.) She testified that one of defendant's attorneys, David Block, told her "that the mediation had been cancelled and [her] attorney called and said that the mediation had been cancelled." (*Id*. at 188.) At that time, however, Weathers did not represent plaintiff. (*Id*. at 11-12, 188.) However, Block believed that the mediation

4

had been cancelled by plaintiff's counsel because Debra Lee, an Alternative Dispute Resolution Coordinator with the Equal Employment and Opportunity Commission, sent Block an email informing him that Weathers represented plaintiff and that he had cancelled the mediation. (Doc. 27, Ex. A; Doc. 53 at 95-97.)

On November 13, 2008, defense counsel sent a third letter asking plaintiff to retract the statement. (Doc. 27, Ex. C.) Plaintiff offered no retraction, and defendant filed a reply to plaintiff's response on December 18, 2008, in which it explained:

> [Plaintiff] filed her EEOC Charge against [defendant] on May 1, 2007. (See Attachment to [plaintiff's] Complaint [Doc. No. 1 of the Court's Docket]). The EEOC scheduled a mediation for the parties at [defendant's] attorneys' office in June 2007. [Plaintiff] came to [defendant's] attorneys' office not for an investigation, but for purposes of the EEOC mediation. (See Exhibit "A" and corresponding exhibit). The mediation was canceled at Mr. Weathers's request. (See id.). Moreover, [plaintiff] was perfectly clear in her deposition testimony as to why she was at [defendant's] attorneys' office before she filed her lawsuit. During [plaintiff's] deposition, David B. Block, one of [defendant's] attorneys, asked, "when you came here that day, you and I didn't engage in any kind of discussions about what you were alleging in the case, did we?" [Plaintiff] answered, "No. You just told me that the mediation had been cancelled and my attorney called and said that the mediation had been cancelled." (See Faulk Deposition at p. 188, a true and correct copy of which is attached to Exhibit "B."). Plaintiff's counsel defended [plaintiff's] deposition and heard this testimony (and perhaps even has a recording of it, since he was making his own audio recording of the testimony). Yet, he still misrepresents these facts to the court.

(Doc. 27 ¶ 21.)

On March 6, 2009, the court entered the Show Cause Order, which stated:

> [T]he court is of the opinion that Faulk's counsel intentionally misrepresented facts to the court in Paragraph 16 of Faulk's Response. [Doc. 21]. Moreover, the court is of the opinion that Faulk's counsel was put on notice that he

5

>  misrepresented these facts to the court . . . but intentionally chose not to retract the misrepresentations.  In other words, Faulk's counsel not only made a false statement to the court in a submission, but he also left the false statement in the submission after being placed on notice of its falsity.

(Doc. 60 at 4-5.)  The court then ordered Weathers to show cause why his conduct did not violate Rule 11(b) of the Federal Rules of Civil Procedure.  (*Id*. at 5-6.)  Weathers correctly noted that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Thus, the court will not sanction Weathers under Fed. R. Civ. P. 11(b).

In Response to the court's Show Cause Order, Weathers contends, "[i]t appeared to me that [plaintiff] went to Block's office on June 14, 2007 to meet with Tucker, Bucklin, S. Rikard, Springer, and Stephenson so Tucker and Bucklin could conduct the investigation regarding her complaints of racial discrimination, religious discrimination, and age discrimination which [plaintiff] had been requesting practically since she went to work for [defendant] on February 23, 2007."  (Doc. 80, ¶ 25.)  Although Weathers continues to insist that evidence of an investigation exists, (*id*. ¶ 4), plaintiff's own deposition testimony should have allayed whatever concerns or suspicions Weathers had that defense counsel spoke to plaintiff about her allegations of discrimination.

The only *evidence* before the court contradicts unequivocally Weathers's speculation that defendant's counsel met with plaintiff to investigate her allegations.  His refusal to correct his clearly erroneous allegations of fact about defense counsel is conduct worthy of sanctions and supports the court's finding that his first Motion to Compel and Motion for

Sanctions was filed without substantial justification and that no circumstance exists to make an award of costs unjust.

The court specifically finds that Weathers has acted in bad faith with respect to his allegation that defense counsel questioned plaintiff for the express purpose of investigating her discrimination claims.[4] His continued insistence on the need to depose defendant's counsel in light of his client's sworn statements was not justified. Also, the court notes that Weather's frivolous filings have delayed this case. To an extent rarely, if ever seen, his repeated, meritless filings have interfered with the court's ability to manage its case load and have required defendant's counsel to expend needlessly their time and effort.

Based on plaintiff's counsel's actions discussed above, the court will order Weathers to pay the defendant's reasonable attorney fees and expenses incurred in opposing plaintiff's first Motion to Compel and Motion for Sanctions relating to deposing defendant's counsel and the investigation that never happened.[5]

## B. MOTION TO COMPEL AND MOTION FOR SANCTIONS (Doc. 32).

Plaintiff filed a Second Motion to Compel on December 31, 2008. (Doc. 32.) The court dismissed this Motion on February 4, 2009, because plaintiff's counsel had failed to

---

[4]Defendant's counsel put Weathers on notice that no such investigation occurred, but Weathers continued to assert the fact of the investigation to this court. Whether or not Weathers knew the investigation had not occurred when he initially claimed it had, he certainly became aware of the true facts and continued to refuse to retract the statement.

[5]The court granted the first Motion to Compel as to plaintiff's request for production of defendant's insurance policy and a denial of coverage letter. (Doc. 53 at 5.)

certify in accordance with Fed. R. Civ. P. 37(a)(1)[6] that he had conferred in good faith with defendant in an attempt to resolve the discovery dispute prior to filing the Motion. (Doc. 37.) The court allowed plaintiff to refile her Motion to Compel. In that same February 4th Order, the court granted a subsequent Motion for Leave to Reply and to Refile her Second Motion to Compel under the condition that she complied with Rule 37(a)(1): "[Plaintiff] may re-file a motion that conforms with the requirements of Fed. R. Civ. P. 37(a)(1), but only *after* the parties have engaged in good-faith efforts to resolve their discovery disputes." (Doc. 37 at 1-2 [emphasis added].) Plaintiff refiled her Second Motion to Compel with a Declaration from Weathers that stated, "I give this declaration to certify, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure . . . my attempts to resolve the discovery disputes set forth in [plaintiff's] Second (2nd) Motion to Compel . . . ." (Doc. 38, Ex. A; doc. 39, Ex. A1.)[7]

Defendant's counsel notified the court that plaintiff's counsel had not attempted to confer on the discovery issues in the Second Motion to Compel after the court initially denied the Motion. (Doc. 44 ¶ 6; doc. 53 at 72.) At a hearing on February 17, 2009, the court

---

[6]Rule 37(a)(1) provides:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. ***The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action***.

Fed. R. Civ. P. 37(a)(1)(emphasis added.

[7]Weathers actually refiled two different versions of the Second Motion to Compel, one on February 13, 2009, (doc. 38), and the other on February 16, 2009, (doc. 39).

8

clarified that it would consider any evidence of Weathers's attempts to confer with defendant's counsel, before or after its Order; however, it would require Weathers to show the court the specific dates, times, and correspondence demonstrating his attempts to confer. (Doc. 53 at 101-03.) The court's Show Cause Order also required Weathers to offer "***specific evidence*** showing cause why he should not be held in contempt of court and/or be sanctioned for violating the court's February 4, 2009 Order . . . by not engaging in good-faith efforts to resolve the discovery dispute before filing [plaintiff's] Second Motion to Compel and by misrepresenting to the court that he did engage in such good-faith efforts." (Doc. 60 at 9.) The court noted, "In order to show such specific evidence, [plaintiff's] counsel must provide evidence that he conferred in good-faith with [defendant's] counsel ***specifically*** about Interrogatory Nos. 7, 8, 9 and 24." [8] (*Id*.)

In response to the Show Cause Order, Weathers relied on discussions and correspondence with defendant's counsel. He contends that he discussed the specific interrogatories with defendant's counsel at a face-to-face meeting on October 10, 2008. (Doc. 80 ¶¶ 35 - 39.) Weathers's position is that "[b]y the end of the afternoon, both sides

---

[8] Interrogatory No. 7 sought Sarah Rickard's name, address, and telephone number. (Doc. 14-10, p. 11.) Interrogatory No. 8 sought the identity of all persons that Rickard supervised since February 2007, and Interrogatory No. 9 requested the same information for persons supervised by Christine Noel for the same period. (Doc. 14-10, p. 12.) Finally, Interrogatory No. 24 requested a list of "the full names, addresses, job titles, dates of employment, and job descriptions of each and every one of Rickard's blood relatives and relatives by marriage who has been employed by [defendant] since February 2007." (Doc. 14-10, p. 15.)

had a clear understanding of where each stood on [plaintiff's] . . . discovery requests[,]" namely that "[t]here were some discovery issues which both sides agreed were going to have to be decided by the Court." (*Id*. at 25.) He produced handwritten notes to indicate that the interrogatories were discussed at that meeting, but these notes only provide a list of the interrogatories and do not indicate the content of discussion between the two parties. (*Id*., Ex. 1 at 2-4.) In contrast, Weathers took additional notes regarding his requests for production that contain the content of counsel's discussions. (*See id*., Ex. 2 at 2-5.) Weathers states that "Block and Kuffner made clear to [him] at the . . . October 10, 2008 face-to-face meeting . . . [that defendant] was not going to supplement its responses to [plaintiff's] Interrogatory Numbers 8, 9, and 24 and any amount of discussion would not change [defendant's] position regarding these interrogatories." (Doc. 80 at 26.)

Defendant's counsel denies that Interrogatory Nos. 7, 8, 9, and 24 were discussed in the October meeting. (Doc. 85, Ex. A ¶¶ 12, 13; Ex. B ¶¶ 11, 12.) They also point out that it seems illogical that Weathers would not have included Interrogatory Nos. 7, 8, 9, and 24 in plaintiff's first Motion to Compel he filed on October 22, 2008, shortly after the meeting, (*see* doc. 14), or in plaintiff's Supplemental Motion to Compel filed on December 3, 2008, (*see* doc. 25). (Doc. 85  ¶ 15.)

As an additional indication that the interrogatories were not discussed in October, the changes in Rickard's and Noel's job duties, which precipitated plaintiff's Second Motion to Compel, allegedly took place in November 2008. (Doc. 80, ¶ 41.) Weathers claims to have

10

discussed these changes with Block during a deposition break on December 5, 2008, and requested that defendant supplement its responses to Interrogatory Nos. 7, 8, 9, and 24. (*Id.* ¶ 43.) Although Block recalled Weathers mentioning some personnel changes during a deposition break in December 2008, he has no recollection of Weathers mentioning any specific interrogatories. (Doc. 85 ¶ 17; Doc. 85, Ex. A ¶ 15.)

Weathers also sent two letters dated November 25 and December 19, 2008, in which he asked defendant's counsel to supplement and update their answers to plaintiff's interrogatories. (Doc. 80, Ex. 4 at 29 & 56.) Later, he sent two additional letters, one dated January 20, 2009, in which he asked defendant to "supplement and update its responses to Plaintiffs' discovery requests pertaining to personnel changes [defendant] has made. (Doc. 80, Ex. 3 at 2.) Defendant's counsel supplemented defendant's responses to certain discovery requests after receiving the January 20, 2009, letter. (Docs. 38, Ex. A, exs. 1-5.) However, they were uncertain what specific discovery requests Weathers desired because of the vague language he used in the letter. (Doc. 85 ¶ 18.)

Weathers wrote an additional letter to defense counsel on February 12, 2009, requesting that they contact him regarding whether Victor Tucker remained defendant's Chief Executive Officer. (Doc. 80, Ex. 5 at 2.) Although Weathers states that he received no response from defendant to this letter, (*see* doc. 80, ¶ 46), it has provided the court with counsel's email response sent on February 13, 2009, at 10:45 a.m., (doc. 85, Ex D). Weathers refiled his Second Motion to Compel that same day at 5:33 p.m. (Doc. 38.)

Nevertheless, whether defendant's counsel actually responded to Weathers's February 12th letter is immaterial to whether that letter constitutes an effort to confer in good faith.

The February 12, 2009, letter is not related to the discovery requests contained in the Second Motion to Compel; the letter pertains to Tucker and the interrogatories at issue pertain to Rickard and Noel. For that reason, Weathers's February 12 letter cannot be considered an attempt to confer in good faith to resolve any issues related to the interrogatories.

Weathers's February 14, 2009, letter appears to represent some attempt at conferring with defendant's counsel. (*See* doc. 44, Ex. 1.) However, this letter was sent *after* Weathers refiled plaintiff's Second Motion to Compel on February 13, 2009. (*See* doc. 38.) Therefore, the letter cannot be construed as a good faith attempt to confer that occurred prior to Weathers refiling the Second Motion to Compel. The court finds Weathers has not shown that he attempted to confer with counsel over the discovery requests at issue in plaintiff's Second Motion to Compel before refiling that Motion.

Even if plaintiff's counsel had actually conferred with defendant's counsel before he refiled the Second Motion to Compel, as required by the Federal Rules and this court's Order, fees and expenses would be justified in this case because defendant asserted valid objections to the discovery requests at issue. (*See* doc. 44 at 4-6; doc. 53 at 58-61, 77, 79, 83, 86-87.) Also, as discussed during the hearing on February 17, 2009, plaintiff moved to

compel answers to discovery requests that he had not even made. (*See*, *e.g.*, *id*. at 75, 78-79, 83.) Therefore, the court denied plaintiff's Second Motion to Compel.

The court finds that the refiling of plaintiff's Second Motion to Compel was not substantially justified; no circumstances exist that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). Based on plaintiff's counsel's actions discussed above, the court will order Weathers to pay the defendant's reasonable attorney fees and expenses incurred in opposing plaintiff's Second Motion to Compel and Motion for Sanctions.

## IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant is entitled to its reasonable expenses, including attorneys, incurred in opposing plaintiff's First Motion to Compel and Motion for Sanctions relating to an investigation that did not happen and incurred in opposing plaintiff's Second Motion to Compel. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE** this the 30th day of September, 2009.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE